UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH ALLEN LIVERGOOD,

    Plaintiff,

v.                                   CAUSE NO.: 3:19-CV-663-RLM-MGG

MARSHALL COUNTY
PROSECUTOR'S OFFICE,

    Defendant.

## OPINION AND ORDER

Kenneth Allen Livergood, a prisoner without a lawyer, filed a complaint. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Livergood alleges that the Marshall County Prosecutor's Office committed the crimes of perjury, endangerment, and battery against him and coerced another government agency to violate his right against double jeopardy. A complaint must contain enough factual matter to "state a claim that is

plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To pursue a claim under Section 1983 against a local governmental entity, a plaintiff must show that his injury was the result of that entity's official policy or practice. Rice ex rel. Rice v. Corr. Med. Servs., 675 F.3d 650, 675 (7th Cir. 2012). Mr. Livergood identifies no policy or practice that caused these alleged violations, and he doesn't explain how his rights were violated or how the defendant was involved. As a result, Mr. Livergood can't proceed on this complaint.

Mr. Livergood may file an amended complaint. See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this order. He should describe his interactions with each individual defendant in detail, including names, dates, locations, and explain how each defendant was responsible for harming him. If he intends to pursue a claim against a governmental entity, he should identify a policy or practice that caused a violation of his constitutional rights.

For these reasons, the court GRANTS Kenneth Allen Livergood until September 30, 2019, to file an amended complaint. If he doesn't respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on August 29, 2019

                                                                                       s/ Robert L. Miller, Jr.
                                                                                       JUDGE
                                                                                       UNITED STATES DISTRICT COURT